IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEMAREN MARVIN CONNOR          :

   v.                          :   Civil Action No. DKC 09-0424
                                                         Criminal Case No. DKC 01-0513

UNITED STATES OF AMERICA       :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case are motions filed by *pro se* Petitioner Jemaren Marvin Connor to vacate, set aside, or correct his sentence (ECF No. 37), for an evidentiary hearing (ECF No. 46), and to "correct the written judgment order" (ECF No. 48). The relevant issues have been briefed and the court now rules. For the reasons that follow, Petitioner's motions will be denied.

**I. Background**

On May 12, 2003, Petitioner pleaded guilty to the first count of a three-count indictment charging him with possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Petitioner's sentencing hearing, held on September 23, 2003, was recorded by audiotape, but a court reporter was not present. It is undisputed that the audiotape failed to record properly and, consequently, that there is no record of the sentencing proceeding. The written judgment

reflects that Petitioner was sentenced to a term of imprisonment of "84 months, to commence on release from state sentence presently being served in case # 93642, Circuit Court for Montgomery County, Maryland, or on September 23, 2009, whichever first occurs." (ECF No. 31). Petitioner did not appeal.

On February 20, 2009, Petitioner filed the pending motion pursuant to 28 U.S.C. § 2255, alleging that the written judgment is inconsistent with the sentence orally pronounced at the sentencing hearing. Specifically, Petitioner asserts that his "sentence is supposed to be 84 [m]onth[s] concurrent" to the state court sentence he was then serving, "not [c]onsecutive." (ECF No. 37, at 6). On August 23, 2010, Petitioner filed a motion requesting an evidentiary hearing (ECF No. 46) and, on January 12, 2011, he filed a "suppl[e]mental motion to the current 2255," attaching a number of exhibits in support of his prior petition (ECF No. 47). On March 1, 2011, Petitioner filed a motion to "correct the written judgment order" pursuant to Federal Rule of Civil Procedure 36, asserting that the discrepancy between the written judgment and oral pronouncement of sentence was due to clerical error. (ECF No. 48).

**II. Motion to Vacate, Set Aside, or Correct Sentence**

    **A. Standard of Review**

Title 28 U.S.C. § 2255 requires a petitioner to prove by a preponderance of the evidence that his "sentence was imposed in

violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law." While a *pro se* movant is entitled to have his arguments reviewed with appropriate consideration, *see Gordon v. Leeke*, 574 F.2s 1147, 1151-53 (4th Cir. 1978), if the § 2255 motion, along with the files and records of the case, conclusively shows that he is entitled to no relief, a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily, 28 U.S.C. § 2255(b).

**B. Analysis**

The Antiterrorism and Effective Death Penalty Act imposes a one-year statute of limitations on § 2255 petitions brought by federal prisoners. To be timely, a motion to vacate, set aside, or correct sentence must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

> (4) the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Where a defendant does not pursue direct appellate review, his conviction becomes final on the date the judgment of conviction is entered. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001).[1] Petitioner's judgment of conviction was entered on September 23, 2003. Thus, the one-year limitations period expired on September 24, 2004, and his § 2255 petition, filed on February 20, 2009, is untimely by well over four years. To the extent that he attempts to invoke § 2255(f)(4), the record reflects that Petitioner was fully aware of the facts supporting his claim by July 2007, at the latest. On July 13, 2007, Petitioner's trial counsel sent him a letter specifically advising, "You need to do the 2255 and make clear

---

[1] In *Clay v. United States*, 537 U.S. 522, 532 (2003), the Supreme Court held that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires." Some district courts in this circuit have interpreted *Clay* as providing that where a defendant does not appeal, his conviction becomes final upon the expiration date for filing a notice of appeal. *See, e.g., Peacock v. United States*, Nos. 5:08-CR-00082-BR, 5:11-CV-00021-BR, 2011 WL 317972, at *1 (E.D.N.C. Jan. 28, 2011). At the time of Petitioner's conviction, he would have had ten days in which to note an appeal under Fed.R.App.P. 4(b)(1)(A)(i). Thus, Petitioner's judgment arguably became final ten days after September 23, 2003. Petitioner's motion was untimely under either calculation.

in there that the court intended a partially concurrent sentence and the prison is not going to do that the way the sentence was pronounced." (ECF No. 48, Ex. 4). Thus, even assuming Petitioner could not have discovered the facts supporting his claim prior to that date, his motion, filed over one and one-half years later, was still untimely.

The one-year limitation period is subject to equitable tolling where a petitioner demonstrates "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) that prevented him from filing on time." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)). Petitioner does not argue that equitable tolling should be applied in this case, nor does there appear to be any basis for doing so. Accordingly, Petitioner's § 2255 motion is time-barred and will be denied, as will his motion for an evidentiary hearing in connection therewith.

### III. Motion to Correct Judgment

Petitioner's "motion to correct the written judgment order" pursuant to Federal Rule of Criminal Procedure 36 (ECF No. 48) appears to have two independent bases. First, he asserts that his "efforts to effect an appeal of [the] written sentencing order" were thwarted by the court's "failure to provide the record of the judicial proceeding." (*Id.* at 2). According to

5

Petitioner, the court's error in this regard was in violation of his constitutional rights under the Fifth and Sixth Amendments, as well as the statutory requirement, under 28 U.S.C. § 132(a), that the district court be a "court of record."  Petitioner further argues that the alleged inconsistency between the written judgment and oral pronouncement was the result of a clerical error, which he asks the court to correct.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."  This rule is employed to correct errors that are clerical, rather than legal, in nature.  *See United States v. Postell*, 2011 WL 609711, at *1 (4th Cir. Feb. 22, 2011) (per curiam) (citing *United States v. Johnson*, 571 F.3d 716, 718 (7th Cir. 2009); *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008) (per curiam) ("Rule 36 authorizes [courts] to correct only clerical errors, which exist when the court intended one thing but by merely clerical mistake or oversight did another.") (internal quotation marks omitted)).  While the federal rules do not expressly define "clerical error," courts have held that "a clerical error must not be one of judgment or even misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature."

6

*United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (quoting *United States v. Coleman*, 229 F.3d 1154, 2000 WL 1182460, at *2 (6th Cir. Aug. 15, 2000) (quoting, in turn, *United States v. Burd*, 86 F.3d 285, 288 (2nd Cir. 1996)).

Because neither of the grounds asserted by Petitioner relate to clerical errors, they cannot serve as the basis of a Rule 36 motion. Petitioner's first argument, that the failure to provide transcripts interfered with his ability to file an appeal, clearly involves substantive legal issues. Moreover, the unavailability of the sentencing transcript could not have affected his right to appeal. Federal Rule of Appellate Procedure 10(c) is expressly designed to provide for an appeal where a transcript is unavailable:

> If the transcript of a hearing or trial is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement must be served on the appellee, who may serve objections or proposed amendments within 10 days after being served. The statement and any objections or proposed amendments must then be submitted to the district court for settlement and approval. As settled and approved, the statement must be included by the district clerk in the record on appeal.

Fed.R.App.P. 10(c). In order to avail himself of that provision, Petitioner was required to file a notice of appeal within ten days of his judgment of conviction, *i.e.*, by early

7

October 2003, which he failed to do. In fact, the record reflects that Petitioner first requested that transcripts be prepared, at government expense, on April 21, 2006, related to his intent to "file for correction of sentence." (ECF No. 34). That request was denied, because there was no pending motion at the time, and Petitioner was advised of the procedure for requesting transcripts at his own expense. (ECF No. 35). He did so, apparently in or around July 2007, at which point the recording error in the sentencing proceeding was discovered and Petitioner was notified. Because the time for noting an appeal expired in 2003, Petitioner's discovery of the recording error, in 2007, could have had no effect on his right to appeal.

The second ground of Petitioner's motion, *i.e.*, that the alleged discrepancy between the written judgment and oral pronouncement of sentence resulted from clerical error, is at least facially plausible. Rule 36 is "the appropriate remedy to make the judgment and commitment papers conform to the sentence pronounced orally." *United States v. Bussey*, 543 F.Supp. 981, 984 (E.D.Va. 1982) (quoting Wright, Federal Practice & Procedure § 611 (1969)). Where the record reveals a discrepancy, courts have generally held that the oral pronouncement is controlling and the petitioner must be resentenced in accordance therewith. *See White v. United States*, 6 F.Supp.2d 553, 554 (W.D.Va. 1998) ("When the written sentence of a court conflicts with the

8

sentence pronounced in open court at the sentencing hearing, the written sentence must be amended to conform to the oral sentence.") (citing *Rakes v. United States*, 309 F.2d 686, 687-88 (4th Cir. 1962); *United States v. Morse*, 344 F.2d 27, 29 n. 1 (4th Cir. 1965)).

Cases applying Rule 36 in this context typically involve the court simply reviewing the sentencing record to assess whether its pronouncement was consistent with the written judgment. Here, there is no sentencing record to serve as a basis for comparison. Indeed, in the absence of a transcript, Petitioner's claim that there was a discrepancy – the government argues that there was not – or that such discrepancy was the result of a clerical error, is speculative. Rule 36 expressly relates to errors occurring "in the record." Fed.R.Crim.P. 36. As there is no record here, it is not the appropriate mechanism to address Petitioner's claim. *See United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008) ("It is possible in principle for a judge to make a 'clerical' mistake by transcribing his own decision incorrectly, but the record does not suggest that this has occurred"); *United States v. Bennett*, 423 F.3d 271, 278 (3rd Cir. 2005) ("An error arising from oversight or omission by the court, rather than through a clerical mistake, is not within the purview of the rule") (citing 3 Wright, *et al.*, § 611, at 806-07).

As the Third Circuit explained in *Bennett*, 423 F.3d at 278:

> Rule 36 provides no basis to correct substantive errors in the sentence, which are dealt with by other provisions:
>
>> Substantive corrections to the sentence are made pursuant to Rule 35 and to 18 U.S.C. § 3742 [providing for appellate review]. . . . Rule 36 does not authorize the sentencing court to correct a sentence imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or to otherwise substantively modify sentences.
>
> [26 James Wm. Moore, *et al.*, *Moore's Federal Practice*] ¶ 636.03[1][a] [3rd ed. 2005] (footnotes omitted). This conclusion is compelled by the structure of the Rules: an "arithmetical, technical, or other clear error" under Rule 35 may only be corrected within seven days of imposing sentence. Fed.R.Crim.P. 35. . . . It would be anomalous if the corrections allowed by Rule 36, which has no time limit, were broader than those allowed by Rule 35, which has a strict and short time limit. "The seven-day time limit of [Rule 35] complements the system of determinate sentencing, which would become meaningless if the courts were to turn every technical or mechanical problem (properly dealt with under Rule 35) into a 'clerical' error under Rule 36 that could be corrected at any time." 26 Moore et al., supra, ¶ 636.03[2] (footnotes omitted).

While this issue may also be properly raised in a § 2255 motion, Petitioner's motion in this regard, as noted previously, is untimely. Accordingly, his Rule 36 motion will be denied.

Even if the court were to address the merits, it is not at all clear from Petitioner's various motion papers what the alleged discrepancy could be. The written judgment directs that Petitioner be incarcerated for a term of 84 months "to commence on release from state sentence presently being served in case # 93642, Circuit Court for Montgomery County, Maryland, or on September 23, 2009, whichever first occurs." (ECF No. 31). In the reply brief to his Rule 36 motion, Petitioner agrees that he was sentenced to an 84-month term and that "the sentence was to begin on September 23, 2009." (ECF No. 50, at 1). A sentence computation document from FCC Allenwood, attached to Petitioner's supplemental motion papers in support of his § 2255 motion, reflects that he was released from the Maryland Department of Corrections on February 24, 2010, to the custody of the United States Marshal Service pursuant to a detainer filed by the District of Columbia; that he was "accident[ally] let out by D.C. Jail on 2-26-10"; and that he was taken back into custody on June 12, 2010, which is indicated as the "date computation began" of his federal sentence. (ECF No. 47, Ex. 8). The document further reflects that Petitioner received "jail credit" for the time he served from September 23, 2009, to February 25, 2010, but not for the time he was at liberty following his erroneous release. His projected statutory

release date is indicated as February 12, 2016, and his full term expires on January 6, 2017.

Because Petitioner was not released from his state sentence prior to September 23, 2009, he appears to agree that his federal sentence properly commenced on that date. Adding 84 months (seven years), plus the approximately four months he was at liberty following his erroneous release, suggests that his mandatory release date would be in or around January 2017. The sentencing computation document provided by Petitioner is entirely consistent with this calculation. While Petitioner takes issue with the amount of time that his federal sentence was intended to run concurrently with his state sentence, it is uncertain how or why that is significant in light of his agreement as to the length of sentence and the date it was to commence.[2] There may have been a misunderstanding by Petitioner

---

[2] Based on the court's internal records, it appears that there was a discussion at sentencing regarding when Petitioner's state sentence would expire and there is indication that the date suggested was in September 2012. The court then directed that the federal sentence begin, at the latest, on September 23, 2009, which would mean that three years would run concurrently if Petitioner were to serve his full term. Notably, Petitioner now argues that the court intended that he "serve an additional four (4) years [of his seven year federal sentence] following the completion of his . . . state sentence." (ECF No. 50, at 1). Thus, his complaint appears to be that because he did not serve his full state term, the court should, in effect, backdate his sentence to three years prior to the time he was actually released. If that were the court's intent, however, the September 23, 2009, date, which Petitioner agrees was the date his federal sentence was to commence, would be meaningless.

or his counsel with regard to a discussion of concurrent versus consecutive time, but there is no indication that the sentence announced in court was inconsistent with the written judgment.

**IV. Conclusion**

For the foregoing reasons, Petitioner's motions will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings Under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where a petition is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quotation marks omitted). Petitioner's § 2255 motion does not satisfy the above standard.

Accordingly, the court declines to issue a certificate of appealability.

A separate order will follow.

```
_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
```